UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION


KENNY PATTON               ]
     Plaintiff,             ]
                            ]
v.                          ]     No. 1:12-0030
                            ]     Judge Campbell
KYLE HELTON, et al.         ]
     Defendants.            ]


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is a resident of Pulaski, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Kyle Helton, Sheriff of Giles County; Teresa Mattox, Administrator of the Giles County Jail; and five members of the staff at the Giles County Jail; seeking damages.

On January 1, 2012, the plaintiff learned that some medicine he brought to the Giles County Jail was missing. The plaintiff complains that the defendants have not yet recovered his missing medication or replaced it. In addition, the plaintiff alleges that he was discriminated against in violation of his right to equal protection when another inmate being punished for the same disciplinary offense was allowed to keep his good time credits while the plaintiff was not.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of

state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908 (1981).

A prisoner's claim for the loss of personal property fails to state a cognizable action under 42 U.S.C. § 1983, *Id.*, even if the loss of property was the result of intentional misconduct. Hudson v. Palmer, 468 U.S. 517 (1984). This general proposition is inapplicable only when the state fails to provide an inmate with an adequate post-deprivation remedy. Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-436 (1982). In this regard, Tennessee's statutory post-deprivation remedy has been found to satisfy the requirements of due process. McLaughlin v. Weathers, 170 F.3d 577, 581-82 (6th Cir.1999). Therefore, in the absence of any allegations suggesting that the plaintiff has been denied the due process safeguards guaranteed to him by state law, the loss of plaintiff's medication fails to state a claim upon which relief can be granted.

The plaintiff also claims that he was discriminated against when his good time credits were taken from him while another inmate was allowed to keep his.

An equal protection claim requires more than a simple showing that other inmates are being treated differently than the plaintiff. Booher v. U.S. Postal Service, 843 F.2d 943,944 (6th Cir.1988). Rather, the plaintiff must demonstrate that he "was victimized because of some suspect classification, which is an essential element of an equal protection claim." Newell v. Brown,

981 F.2d 880, 887 (6th Cir. 1992), *cert. denied,* 510 U.S. 842 (1993).

In this instance, the plaintiff simply alleges that he was treated differently than another inmate at the Giles County Jail. But inmates are not a suspect class for equal protection purposes. <u>Michael v. Ghee</u>, 498 F.3d 372, 379 (6th Cir. 2007), *cert. denied*, 128 S.Ct. 2067 (2008). As a consequence, the plaintiff has failed to allege an equal protection violation.

When a plaintiff proceeding in forma pauperis has failed to state a claim, the Court is obliged to dismiss his complaint *sua sponte.* 28 U.S.C. § 1915(e)(2). Accordingly, an appropriate order will be entered dismissing this action.

*[signature: Todd Campbell]*
Todd Campbell
United States District Judge